**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gisela E. Armado,  )<br>         Plaintiff,  )<br>vs.  )<br>  )<br>Advanced Call Center Technologies,  )<br>         Defendant.  )<br>_____ ) | No. CV 10-1630-PHX-JAT<br><br>**ORDER** |

Currently before the Court is a Motion to Dismiss for Insufficiency of Service of Process ("Motion") (Doc. 9) filed by Defendant Advanced Call Center Technologies.

**I.    BACKGROUND**

On August 2, 2010, Plaintiff filed a Complaint against Defendant alleging a civil rights violation (Doc. 1, 1:21) and filed a motion for Leave to Proceed in forma pauperis. (Doc. 3). On August 3, 2010, the Court issued a Standard Civil Track Initial Order, requiring Plaintiff to effect service of the Complaint and Summons on the Defendant no later than 120 days after filing the Complaint. (Doc. 4, 1). The Court also stated that it would dismiss the Complaint without further notice to the Plaintiff if the Complaint was not served in accordance with Fed. R. Civ. P. 4(m). (*Id.*) On August 17, 2010, the Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 5). In that Order, the Court required Plaintiff to complete and return all necessary documents, by September 16, 2010, to the Clerk's office in order for the U.S. Marshal Service to effect service on behalf of

1 Plaintiff. On August 18, 2010, the Clerk's Office sent the service packet to Plaintiff.

2 On September 24, 2010, with the packet still not returned to the Clerk's office by Plaintiff, the Court sent an order to Plaintiff to appear and show cause why her case should not be dismissed for failing to comply with the Court's Order of August 17, 2010. (Doc. 6). Plaintiff received this order and appeared before the Court on October 6, 2010, but stated that she did not receive the packet sent from the Clerk's Office on August 18, 2010. (Doc. 7). The Court ordered Plaintiff to contact the Clerk's Office and have the packet resent. (*Id.*) Further, the Court ordered the Plaintiff to return the completed packet to the Clerk's Office by November 5, 2010. (*Id.*) The packet was then returned to the Clerk's Office on November 5, 2010, and it was forwarded to the Marshals on November 8, 2010. Defendant was served with the Complaint and Summons on December 30, 2010 – 151 days after Plaintiff filed the Complaint. (Doc. 9, 2:26-27). Defendant now argues the Complaint should be dismissed for failure to comply with the 120 day service requirement of Rule 4(m). Fed. R. Civ. P. 4(m). This Court has reviewed the Defendant's Motion and history of the case and now denies Defendant's Motion.

## II.     ANALYSIS AND CONCLUSION

The time limit for the service of process in federal court is governed by Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant *or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). If the Plaintiff shows good cause, the Court "must extend the time for service for an appropriate period." *Id.* Even without good cause "Courts have discretion under Rule 4(m) . . . to extend the time for service." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "Courts must apply considerable leeway when assessing whether a pro se civil rights litigants' failure to comply strictly with time limits . . . should be excused for good cause." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *rev'd on other grounds* (internal quotation marks omitted). "Because pro se [litigants] must rely on the

Marshal for service, delays in service attributable to the Marshal automatically constitute 'good cause' preventing dismissal under Rule 4(m)." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Further, "the public policy favoring disposition of cases on their merits counsels strongly against dismissal . . . . This policy favoring resolution on the merits is particularly important in civil rights cases." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (reversing for abuse of discretion a Rule 41(b) dismissal of pro se litigant's § 1983 action for failure to comply with court order).

Here, the Court extended the date Plaintiff was required to complete and return the service packet to the Clerk's Office. (Doc. 7). Plaintiff fulfilled the Court's requirement and submitted the packet to the Clerk's Office by the required date, November 5, 2010 – 24 days prior to the 120 day expiration of Rule 4(m). Fed. R. Civ. P. 4(m). At that point, Plaintiff was no longer in control of service. Because any delays were then attributable to the Marshal, and to facilitate disposition of the case on the merits, the Court denies Defendant's Motion.

Accordingly, **IT IS ORDERED** denying Defendant's Motion to Dismiss for Insufficiency of Service of Process (Doc. 9). Defendant shall answer or otherwise respond to the Complaint within 20 days of this Order.

DATED this 16th day of March, 2011.

_____
James A. Teilborg
United States District Judge