**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gisela E. Amado, | No. CV 10-1630-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Advanced Call Center Technologies, | |
| Defendant. | |

Pending before the Court is Defendant's motion for summary judgment. Defendant requested oral argument on its motion (Plaintiff did not seek oral argument). Defendant submitted evidence and a memorandum of law in support of its position and oral argument would not aid the Court's decisional process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Further, the Court recalls from previous hearings in this case Plaintiff's difficulty in attending hearings in Arizona. Thus, the Court will not require her to come here again considering that she did not seek oral argument. Accordingly, Defendant's request for oral argument is denied. The Court now rules on the motion as follows.

**I.   Factual Background**

Unless otherwise noted, the following facts are undisputed for purposes of the pending motion for summary judgment. Plaintiff began working for Defendant on December 18,

1    2009. Plaintiff missed work on January 27 or 28, 2010 because she was ill. Doc. 38 at 3.
2    Plaintiff returned to work on January 29, 2010. *Id*.

3    Upon returning to work on January 29, 2010, Plaintiff advised her supervisor that she
4    was pregnant and required two weeks off of work to rest.[1] *Id*. Her supervisor advised her
5    that because she was in her 90 day probationary period, she was not entitled to any time off
6    and that her request for time off was denied. *Id.* at 5, 13. Plaintiff claims she was then fired.
7    Defendant claims Plaintiff then quit. It is undisputed that Plaintiff did not return to work
8    following this meeting with her supervisors wherein Plaintiff gave them a doctor's note that
9    she needed two weeks off. In other words, Plaintiff did not actually take two weeks off; her
10   employment ended at this meeting following the denial of her request for two weeks off.

11   Defendant has a policy advising employees that they are in an introductory period
12   during their first 90 days of employment. Doc. 39-2 at 8, 9. Employees are further advised
13   that any significant absence during the 90 day introductory period will automatically extend
14   the introductory period by the length of the absence. *Id*. at 9.

15   Defendant also has a policy that states that employees will begin earning paid time off
16   (which is a single category of personal time, vacation time and sick time) upon their 91st day
17   of employment. *Id.* at 14-15. Thus, it is undisputed that Plaintiff was not entitled to paid
18   time off at the point she requested two weeks off.

19   Finally, Defendant has a policy advising employees that "Regular and reliable
20   attendance is an essential function of all positions with [Defendant]." *Id*. at 26. This policy
21   section concludes, "Trends or patterns of absenteeism...are disruptive ... [and] may lead to
22   disciplinary action, up to and including termination of employment." *Id*. at 29.

23
24
25
26   [1] In her response, Plaintiff alleges that Defendant lied at various points about whether Plaintiff advised Defendant she was pregnant. Because the Court has, for purposes of this Order, accepted as true that Plaintiff advised Defendant she was pregnant, the Court has not considered Plaintiff's allegations that Defendant previously told a different version of the facts.
27
28

## II. Analysis

### A. Law Applicable to Plaintiff's claim

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Relevant here, 42 U.S.C. § 2000e-2 prohibits discrimination based on sex. 42 U.S.C. § 2000e(k) defines sex based discrimination to include discrimination based on pregnancy. Discrimination claims based on pregnancy are analyzed the same as any other Title VII sex discrimination claim. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 657-58 (6th Cir. 2000).

Plaintiff may establish a *prima facie* case of discrimination by showing either direct evidence of discriminatory intent or by meeting the four factors outlined in *McDonnell Douglas*.[2] *Quaranta v. Mgmt. Support*, 255 F.Supp.2d 1040, 1045 (D. Ariz. 2003). To meet the *McDonnell Douglas prima facie* case, Plaintiff must show that she: 1) is a member of a protected class, 2) performed according to the employer's legitimate expectations, 3) suffered an adverse employment action, and 4) was treated less favorably than other employees who were similarly situated. *Quaranta*, 255 F.Supp.2d at 1045.

If Plaintiff meets her burden of showing the prima facie case, the burden shifts to the Defendant to show that the adverse employment action was taken for legitimate, non-discriminatory reasons. *Id.* If Defendant makes this showing, the burden shifts back to Plaintiff show that Defendant's proffered non-discriminatory reason is a pretext for discrimination. *Id.*

### B. Evidence

To begin, Defendant points out in its reply that Plaintiff, in her response, failed to comply with the local rules, failed to file a statement of facts, and failed to present her evidence in an admissible format. Thus, Defendant argues the Court should disregard Plaintiff's evidence. However, "Several of our prior decisions have made clear that a

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805-06 (1973).

1 nonmoving party's failure to comply with the local rules does not excuse the moving party's
2 affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law"
3 *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Thus, this Court must still
4 determine whether, based on the moving papers, any disputed issues of material fact exist.
5 *Id.* at 1183. Accordingly, the Court has considered all evidence presented by Plaintiff.

6 **C.     Merits of Plaintiff's claim**

7 First the Court must consider whether Plaintiff has offered any direct evidence of
8 discrimination. *Id.* "Direct evidence [of discrimination] is evidence which, if believed,
9 proves the fact of discriminatory animus without inference or presumption." *Godwin v. Hunt*
10 *Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (internal quotations and citations omitted).
11 At Plaintiff's deposition, the following colloquy occurred:

> Q.   [Is there] anything that happened when you worked at [Defendant], anything that you remember, anything anybody said, anything you saw, anything you heard that leads you to believe that you were terminated because you were pregnant?
>
> A.   ... I know that I got fired because I was pregnant. That's it. That's all I know.
>
> Q.   How do you know this?
>
> A.   Because. I know. Why else?
>
> Q.   But you told me that no one ever told you why you were fired.
>
> A.   All I know is I showed a doctor's note and I got fired.

Doc. 39-1 at 50.

The Court finds that Plaintiff's belief, even taken together with the timing of her termination, does not create direct evidence of discrimination. Further, Plaintiff testified that no person ever directly said she was being fired because she was pregnant. Thus, the Court will consider whether Plaintiff can show a *prima facie* case of discrimination applying the *McDonnell Douglas* factors.

Defendant concedes that Plaintiff is a member of a protected class (pregnant women) and that she suffered an adverse employment action (accepting for purposes of this Order Plaintiff's testimony that she was fired). Doc. at 13. Accordingly, prongs one and three are

- 4 -

1 met.

2 Prong four of the *prima facie* case is whether Plaintiff can show that other similarly
3 situated employees were treated more favorably. Plaintiff testified at her deposition:

4     Q.    Are you aware of any employee who worked for [Defendant] less than 90 days who was allowed to take personal time off?

5     A.    I don't know.

6     Q.    No, you don't know of any employees?

7     A.    I don't know because I don't know their personal business.

8 Doc. 39-1 at 46-47.

9 Thus, Plaintiff has conceded that she has no evidence of another employee asking for
10 leave within the 90 day probationary period and not being fired. Thus, Plaintiff has offered
11 no evidence that similarly situated employees were treated more favorably. Because Plaintiff
12 cannot meet this prong of the *prima facie* case, Defendant's motion for summary judgment
13 will be granted.

14 The Court notes that Defendant has also offered no evidence that when an employee
15 asked for two weeks of leave, the employee was always fired. Instead, Defendant offered
16 evidence that such requests for leave during the introductory period were routinely denied.
17 *See* Declaration of Connie Deppen Doc. 39-1 at 7 and affidavit of Dulce Camacho Doc. 39-2
18 at 5. In other words, Defendant did not prove that similarly situated employees were treated
19 the same as Plaintiff. Thus, the result on this motion for summary judgment turns completely
20 on which party bears the burden.

21 Typically, the moving party for purposes of Rule 56 bears the burden even if the
22 nonmoving party does not respond to the motion. *Martinez v. Stanford*, 323 F.3d 1178, 1182
23 (9th Cir. 2003). However, *McDonnell Douglas* clearly puts the burden of establishing the
24 *prima facie* case on the plaintiff, seemingly allowing a defendant to shift its typical burden
25 under Rule 56 to the plaintiff. Thus, the Court acknowledges the tension between *McDonnell*
26 *Douglas* and *Martinez*. Nonetheless, *McDonnell Douglas* places the burden on Plaintiff and
27 Plaintiff not only failed to offer any evidence as to similarly situated employees, she
28

- 5 -

conceded at her deposition that she has no such evidence. Accordingly, Defendant's motion for summary judgment will be granted because Plaintiff has not offered direct evidence of discrimination, nor has she established the *prima facie* case under *McDonnell Douglas*.

### D. Affirmative Defense - Damages

Because the Court will grant Defendant's motion for summary judgment, the Court need not reach Defendant's alternative argument that Plaintiff's damages should be limited.

## III. Conclusion

Based on this record, the Court finds Plaintiff has failed to establish a disputed issue of fact for trial. Therefore,

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 38) is granted. To the extent Plaintiff attempted to cross-move for summary judgment in her response, that motion is denied.

DATED this 30th day of April, 2012.

James A. Teilborg
United States District Judge